**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Michael L Ruiz, | No. CV-23-02090-PHX-DWL |
| Plaintiff, | **ORDER** |
| v. | |
| Magellan Financial & Insurance Services, | |
| Defendant. | |

At the Final Pretrial Conference, Defendant requested that non-party witness David Mortach be permitted to testify remotely via video conference. Plaintiff objected and argued that Mr. Mortach should testify in person.

Federal Rule of Civil Procedure 43(a) provides that "[a]t trial, the witnesses' testimony must be taken in open court unless a federal statute, the Federal Rules of Evidence, these rules, or other rules adopted by the Supreme Court provide otherwise. For good cause in compelling circumstances and with appropriate safeguards, the court may permit testimony in open court by contemporaneous transmission from a different location." The advisory committee notes to Rule 43(a) explain that "good cause" and "compelling circumstances" do not exist merely because "it is inconvenient for the witness to attend trial." Fed. R. Civ. P. 43(a), 1996 note. Rather, "[t]he most persuasive showings of good cause and compelling circumstances are likely to arise when a witness is unable to attend trial for unexpected reasons, such as accident or illness, but remains able to testify from a different place." *Id.*

The only reason proffered by Defendant for its request that Mr. Mortach be

permitted to testify remotely is the inconvenience posed by having to travel to Arizona for trial. But as noted above, that is not a "compelling circumstance" under Rule 43(a). *See also Star Mountain Plan Tr. v. Titan Mining (US) Corp.*, 2023 WL 2355916, *6 (D. Ariz. 2023) ("The rule and cases are clear that inconvenience is not sufficient to demonstrate good cause."); *Meeks v. Parsons*, 2010 WL 11671811, *1 (E.D. Cal. 2010) ("The length of time and distance to be traveled by a witness, without more, does not warrant allowing a party to present witness testimony at trial via video conference."). *See generally* 1 Gensler, Federal Rules of Civil Procedure, Rules and Commentary, § 43.7 (June 2025 update) ("By itself, travel inconvenience generally does not constitute good cause and compelling circumstances for permitting transmitted testimony. But more particularized types of travel hardships can constitute good cause depending on the circumstances. For example, many courts have found good cause in cases where the United States will not grant the witness permission to lawfully enter the country.").

Accordingly,

**IT IS ORDERED** that Defendant's request that Mr. Mortach be permitted to testify remotely via video conference is denied.

Dated this 7th day of May, 2026.

Dominic W. Lanza
United States District Judge