**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Michael L Ruiz, | No. CV-23-02090-PHX-DWL |
| Plaintiff, | **ORDER** |
| v. | |
| Magellan Financial & Insurance Services, | |
| Defendant. | |

In this action under Title VII and 42 U.S.C. § 1981, Plaintiff Michael Ruiz ("Plaintiff") is suing his former employer, Defendant Magellan Financial & Insurance Services ("Defendant"), under the theory that his alleged demotion and subsequent termination were due to his race and national origin and that he was also subjected to a hostile work environment. Now pending is Defendant's motion to amend the Final Pretrial Order to include Amanda Grote as a witness. (Doc. 101.) For the reasons that follow, the motion is denied.

I.      Legal Standard

Rule 16(e) provides that a court may modify a final pretrial order "only to prevent manifest injustice." Fed. R. Civ. P. 16(e). Under this "manifest injustice" standard, a pretrial order "is not an inexorable decree and may, under proper circumstances, be modified." *Jeffries v. United States*, 477 F.2d 52, 55 (9th Cir. 1973). "Nevertheless, 'manifest injustice' is a high standard, and requires more than good cause for amendment." *Nash-Perry v. City of Bakersfield*, 2023 WL 24215, *4 (E.D. Cal. 2023).

The party seeking to amend a final pretrial order has "the burden of showing that an

amendment to the pretrial order [is] necessary to prevent 'manifest injustice.'" *Galdamez v. Potter*, 415 F.3d 1015, 1020 (9th Cir. 2005). "In evaluating a motion to amend the pretrial order, a district court should consider four factors: (1) the degree of prejudice or surprise to the [non-moving party] if the order is modified; (2) the ability of the [non-moving party] to cure the prejudice; (3) any impact of modification on the orderly and efficient conduct of the trial; and (4) any willfulness or bad faith by the party seeking modification." *Id.* "The language in *Galdamez* . . . focus[es] primarily on prejudice to the party opposing the amendment." *McBroom v. Ethicon, Inc.*, 341 F.R.D. 40, 43 (D. Ariz. 2022). *See also id.* at 42-45 (identifying five reasons why *Galdamez* "misapplied the 'manifest injustice' test in Rule 16(e)," explaining why "the Rule 16(e) standard [should] recognize that the initial focus should be on the party seeking the amendment and whether that party, in light of all relevant facts, faces manifest injustice," but acknowledging that "[t]he Court of course is bound by Ninth Circuit precedent").

II.     The Parties' Arguments

Defendant's one-paragraph motion does not address Rule 16(e) or the factors identified in *Galdamez*. (Doc. 101.) The motion simply states that "Amanda Grote was initially disclosed as a witness by [Defendant] on February 14, 2024, in its Initial Disclosure Statement," but "[i]n preparing for trial, [Defendant] found that it had inadvertently omitted Ms. Grote from the witness list." (*Id.*)

Plaintiff opposes Defendant's motion. (Doc. 102.) First, Plaintiff argues that "amendment would result in clear prejudice and surprise to Plaintiff. Amanda Grote was not listed as a trial witness in the Final Pretrial Order despite extensive pretrial proceedings and despite the parties participating in a lengthy pretrial conference before the Court." (*Id.* at 2.) Plaintiff argues that he "prepared for trial based upon the witnesses actually disclosed in the operative Final Pretrial Order" and that "[t]he prejudice is self-evident." (*Id.*) Second, Plaintiff argues that "there is no meaningful ability to cure the prejudice without disrupting trial preparation and the orderly conduct of the proceedings" because "[t]rial is imminent" and "[r]eopening preparation regarding a witness omitted from the Final Pretrial

Order would undermine the very purpose of Rule 16(e)." (*Id.*) Third, Plaintiff argues that "amendment would adversely impact the orderly and efficient conduct of trial" because "[t]he timing strongly suggests Defendant is attempting to reconfigure its witness presentation after the Court foreclosed remote testimony from Mr. Mortach." (*Id.* at 2-3.) Fourth, Plaintiff argues that "the circumstances support a finding of bad faith or, at a minimum, a lack of diligence." (*Id.*)

In reply, Defendant argues that "Plaintiff cannot show prejudice." (Doc. 108 at 2.) Defendant emphasizes that "Ms. Grote . . . has been disclosed since [Defendant]'s initial voluntary disclosures in *February 2024*" and thus contends that "[t]here is no risk of surprise to Plaintiff," who "has always had the opportunity to seek discovery related to and prepare for Ms. Grote's expected testimony." (*Id.*) Defendant also "provid[es] further specifics . . . regarding Ms. Grote's expected testimony to aid Plaintiff in his preparation." (*Id.* at 3.) Defendant asserts that "Ms. Grote is expected to be a relatively less time-intensive witness, providing information about her interactions with Plaintiff while he was employed at Magellan, including interactions in California at Mr. Rice's home and potentially during a cruise hosted by Magellan for its employees." (*Id.*) Next, Defendant argues that "allowing Ms. Grote to testify will not interfere with the orderly administration of trial" because "Mr. Monarch will appear and testify in-person" and "Ms. Grote testifying is wholly unrelated to the question of whether Mr. Mortach will testify in-person or remotely." (*Id.*) Finally, Defendant argues "there is no 'bad faith'" because "[t]he reality is that [Defendant] just realized it inadvertently had not included Ms. Grote in its witness list . . . ." (*Id.*)

III.    Analysis

Two of the relevant considerations under *Galdamez* are the degree of prejudice to Plaintiff should the Final Pretrial Order be amended to allow Ms. Grote to testify and Plaintiff's ability to cure that prejudice. *Galdamez*, 415 F.3d at 1020. In a nutshell, Defendant's argument as to those considerations is that because Plaintiff has always known—by virtue of Defendant's initial disclosures, provided years ago—that Ms. Grote

was a potential witness, Plaintiff would not be unfairly prejudiced by the addition of Ms. Grote to the witness list on the eve of trial.

The Court respectfully disagrees and concludes that this argument overlooks the realities of trial preparation. The days leading up to trial are a busy and stressful time. Counsel must put the finishing touches on witness outlines and opening statements, making nuanced strategic choices about which topics to address and which themes to emphasize. The Final Pretrial Order provides the roadmap for making those choices. Similarly, the days leading up to trial are often consumed with witness preparation activities. The Final Pretrial Order, once again, provides the roadmap for deciding which topics need to be addressed, and which topics can be ignored, during those sessions.

It follows that the belated addition of a new witness to the witness list on the eve of trial can be quite prejudicial to the opposing party even if, as here, that person's status as a potential witness (and the anticipated subject matter of that person's potential testimony) was properly disclosed during discovery. Accordingly, courts have not hesitated to reject last-minute requests to amend the final pretrial order to add a new witness or exhibit. *See, e.g.*, *Cawley v. Am. Fin. Sec. Life Ins. Co.*, 2026 WL 799690, *4 (D. Ariz. 2026) ("Plaintiffs' proposed modification would add new . . . witnesses . . . . Plaintiffs moved for these modifications less than one month before trial is set to begin. To allow the amendments, when Defendant has not had the opportunity to prepare their presentation based on them, would be highly prejudicial at this very late stage in the case."); *Yphantides v. Cnty. of San Diego*, 2023 WL 7006798, *3 (S.D. Cal. 2023) ("The Court agrees with the County that it will be prejudiced by Plaintiff's request on the eve of trial."); *Heath v. Tristar Prods., Inc.*, 2021 WL 3288595, *2 (D. Nev. 2021) ("Here, the degree of prejudice to Defendants is significant because Defendants relied on the [joint pretrial order]—which does not include the witnesses under Plaintiff's expected witnesses—in preparation for trial."); *Lologo v. Wal-Mart Stores, Inc.*, 2016 WL 4162631, *6 (D. Nev. 2016) ("The degree of prejudice to Defendants is simply too high to justify amending the Joint Pretrial Order to add exhibits from 2015. Defendants have 'relied on the pretrial order and [have]

prepared for the claims and evidence outlined therein.'  Given that Plaintiffs' Motion was filed a mere ten days before trial, the Court finds that amendment at this late stage would cause a 'substantial injury' to Defendants.") (citation omitted).  For similar reasons, the first two *Galdamez* factors weigh against amendment here.

Defendant relies on *Murphy v. Schaible, Russo & Co., C.P.A.'s, LLP*, 2022 WL 204602 (D. Colo. 2022), to argue that "Plaintiff's long knowledge of Ms. Grote as a disclosed witness 'weighs heavily' [against prejudice] in the analysis under Rule 16(e)." (Doc. 108 at 2.)  But *Murphy* simply granted a request to amend the final pretrial order to add the English-language translations of certain documents where the movant did not receive the translations until after the final pretrial order was entered, the Spanish-language versions of the documents were identified in the original version of the final pretrial order, and the trial was still four and a half months away at the time of amendment.  *Id.* at *4. Under those circumstances, the court was "confident that [the plaintiff] still ha[d] ample time to prepare for trial."  *Id*.  Here, in contrast, trial begins tomorrow and Plaintiff has expressed that he prepared for trial based upon the expectation Ms. Grote would not be testifying.

The next relevant consideration under *Galdamez* is the impact of modification on the orderly and efficient conduct of the trial.  *Galdamez*, 415 F.3d at 1020.  That consideration, standing alone, is neutral or favors amendment here.  This is not a situation in which discovery would need to be reopened should Ms. Grote be added as a witness— because Defendant properly disclosed Ms. Grote as a potential witness during discovery, Plaintiff had a full and fair opportunity to depose her.

The final consideration under *Galdamez* is any willfulness or bad faith by the party seeking modification.  *Id*.  On the one hand, there is no bad faith here.  The Court accepts Defendant's explanation that the failure to list Ms. Grote as a witness was a product of simple inadvertence.  On the other hand, courts have persuasively suggested that the Rule 16(e) calculus should include consideration of "whether the party seeking the amendment was diligent in preparing for trial as Rule 16 contemplates." *McBroom*, 341 F.R.D. at 43.

*See also id.* at 44-45 (citing "some cases in this Circuit [that] do consider the moving party's diligence or lack thereof when applying Rule 16(e)"). An omission based on inadvertence is inconsistent with diligence. *Assurance Co. of Am. v. Nat'l Fire & Marine Ins. Co.*, 595 F. App'x 670, 672 (9th Cir. 2014) (concluding that "[t]he district court properly denied Zurich's motion to amend its exhibit list" where "[t]he only reason Zurich provided for its late request was inadvertence").

Finally, to the extent the Rule 16(e) calculus also includes (seemingly contrary to *Galdamez*) consideration of the degree of prejudice to the moving party should the proposed amendment be disallowed, *see McBroom*, 341 F.R.D. at 42-45, Defendant has not persuasively explained why manifest injustice would flow from the denial of its amendment request. It appears, based on the current version of the Final Pretrial Order, that Defendant already intends to call an array of witnesses to testify regarding Plaintiff's job performance and behavior at work. (Doc. 99 at 6-7.) Ms. Grote's anticipated testimony appears to cover the same topics. (Doc. 108 at 3 ["Ms. Grote is expected to be a relatively less time-intensive witness, providing information about her interactions with Plaintiff while he was employed at Magellan, including interactions in California at Mr. Rice's home and potentially during a cruise hosted by Magellan for its employees."].)

Having weighed the relevant considerations, the Court concludes that Defendant's amendment request should be denied. Amendment is not necessary to prevent manifest injustice.

Accordingly,

**IT IS ORDERED** that Defendant's motion to amend (Doc. 101) is **denied**.

Dated this 18th day of May, 2026.

_____
Dominic W. Lanza
United States District Judge