Elizabeth D. Tate   AZ Bar No.  32659
2953 N. 48th Street
Phoenix, AZ 85018-7749
E-mail: attorneyelizabethtate@yahoo.com
Telephone (602) 670-4653
Attorney for Plaintiff Michael L. Ruiz

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

**Michael L. Ruiz**
Plaintiff,
  v.

**Magellan Financial & Insurance**
Defendant.

**Case # 2:23cv02090 DWL**

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S REQUEST FOR ATTORNEY'S FEES.**

## <u>PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR ATTORNEYS' FEES</u>

Plaintiff Michael L. Ruiz respectfully opposes Defendant Magellan Financial & Insurance Services' Motion for Attorneys' Fees pursuant to 42 U.S.C. § 2000e-5(k) and 42 U.S.C. § 1988(b). Magellan seeks nearly $500,000 in fees on the theory that Plaintiff's claims were frivolous. They were not. This case proceeded through years of litigation, survived summary judgment, and was tried to a jury over eleven days. A defense verdict—standing alone—does not entitle a prevailing defendant to attorneys' fees in a civil rights case. The governing standard under *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412 (1978), is exacting, and Magellan falls far short of meeting it.

## <u>LEGAL STANDARD</u>

Unlike prevailing plaintiffs in civil rights cases, prevailing defendants are not automatically entitled to attorneys' fees. *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 418–19 (1978). A court may award fees to a prevailing defendant only if the plaintiff's claims were "frivolous, unreasonable, or without foundation." *Id.* at 421. This is a demanding standard deliberately calibrated to protect civil rights plaintiffs' access to the courts. *Id.* at 422 ("[A] district court must resist the understandable temptation to engage in post hoc reasoning by concluding that, because a plaintiff did not ultimately prevail, his action must have been unreasonable or without foundation.").

The Ninth Circuit strictly enforces this limitation. A defendant must show more than that the plaintiff lost—indeed, even a weak or ultimately unsuccessful claim is not frivolous for fee purposes. *See Hughes v. Rowe*, 449 U.S. 5, 15–16 (1980) (per curiam) (An inmate's claim was not frivolous unless it could not be proven under any set of facts); *Patton v. County of Kings*, 857 F.2d 1379, 1381 (9th Cir. 1988) (The mere fact that a defendant prevails does not automatically support an award for attorney's fees). The key inquiry is whether, *at the time the claims were filed and maintained*, the plaintiff had some reasonable basis for bringing them. *Christiansburg*, 434 U.S. at 421–22.

## ARGUMENT

### I. THE FACT THAT THIS CASE PROCEEDED TO A FULL JURY TRIAL DEFEATS ANY CLAIM OF FRIVOLOUSNESS.

The most powerful refutation of Magellan's motion is the trial record itself. This case was not dismissed at the pleading stage. It was not resolved on summary judgment. It was tried to a jury over **eleven days**—May 19 through May 29, 2026—on five separate claims. That procedural history is, by itself, dispositive.

The Ninth Circuit has repeatedly recognized that a case that survives through trial cannot be characterized as frivolous. *See Saman v. Robbins*, 173 F.3d 1150, 1158 (9th Cir. 1999) (reversing fee award in part because claims that "survived summary judgment . . . were not frivolous"); *Barry v. Fowler*, 902 F.2d 770, 773 (9th Cir. 1990) (An action was found to be not frivolous even though the district court directed the verdict); *Karam v. City of Burbank*, 352 F.3d 1188, 1196 (9th Cir. 2003) (finding that a lawsuit was not frivolous where it presented a novel issue).

If Plaintiff's claims had truly been frivolous, baseless, or without foundation, the appropriate vehicle to terminate them would have been a motion to dismiss or a motion for summary judgment. Magellan filed a motion for summary judgment. The Court denied it and sent the case to the jury. That determination by the Court itself constitutes a finding that at least colorable claims existed. A court may not now, in hindsight, declare the same claims frivolous simply because the jury found for the defendant. *Christiansburg*, 434 U.S. at 421–22; *Vernon v. City of Los Angeles*, 27 F.3d 1385, 1402 (9th Cir. 1994).

## II.   PLAINTIFF'S CLAIMS WERE SUPPORTED BY EVIDENCE AND WERE NEITHER FRIVOLOUS NOR WITHOUT FOUNDATION.

Magellan characterizes Plaintiff's case as resting "entirely" on his own testimony about verbal statements by CEO Bryon Rice. This characterization is both factually inaccurate and legally insufficient to establish frivolousness.

First, testimony by the plaintiff himself, particularly where that plaintiff is the victim of alleged discriminatory conduct spanning a career—is not a legally insufficient basis for a civil rights claim. *See Schnidrig v. Columbia Machine, Inc.*, 80 F.3d 1406, 1410 (9th Cir. 1996) (plaintiff's own testimony can defeat summary judgment and support a jury verdict in an age discrimination case). Plaintiff was in the best position to testify about what was said to him, what he experienced, and how he was treated differently than his colleagues.

Second, Plaintiff's case was not unsupported. Plaintiff introduced evidence that similarly situated non-minority employees received benefits that were denied to him. This comparative evidence was corroborated by witness Chris Padilla. The existence of corroborating comparator evidence directly refutes Magellan's claim that the lawsuit was factually baseless.

Third, and critically, CEO Bryon Rice testified at trial that he sent Plaintiff a text message containing the phrase "sick Mexican fantasy tree" or words to that effect. This was sworn testimony from the defendant's own chief executive, given under oath before the jury, acknowledging that he directed an ethnic slur at Plaintiff. That Mr. Rice's admission came through oral testimony rather than a documentary exhibit does not diminish its evidentiary weight—indeed, admissions by a party's own executive under oath are among

the most powerful forms of evidence a plaintiff can present. This is not "no evidence." It is direct evidence of discriminatory animus from the alleged discriminator himself, which courts recognize as sufficient to sustain a discrimination claim. *See McGinest v. GTE Service Corp.*, 360 F.3d 1103, 1116 (9th Cir. 2004) (racial epithets by decision-makers constitute strong evidence of discriminatory intent). That the jury ultimately weighed this evidence and found for the defendant does not transform it into no evidence at all.

### III. MAGELLAN'S RELIANCE ON HARRIS AND ARNOLD IS MISPLACED.

Magellan relies on *Harris v. Maricopa County Superior Court*, 631 F.2d 963 (9th Cir. 1980), and the *Arnold v. Burger King Corp.,* 719 F2d 63 (4th Cir. 1983)  for the proposition that fees are warranted where claims are objectively baseless. Neither case supports an award here.

In *Harris*, the court found that some of the claims were frivolous entitling the defendant to fees for defending those frivolous claims. Here, by contrast, litigation did not reveal Plaintiff's claims to be hollow—it produced corroborating witness Chris Padilla, comparator evidence of differential treatment, and at trial,  Mr. Rice's own sworn admission that he sent Plaintiff a message containing an ethnic slur. A case that produces corroborating witnesses and a party-opponent's own testimony acknowledging racially charged conduct is not the functional equivalent of one that does not.

As for the *Arnold* case, Magellan acknowledges the key limiting principle: fees are inappropriate where, unlike in *Arnold*, the plaintiff has independent evidence that gives

5

credence to the discrimination theory beyond merely a troubled workplace relationship. That is precisely the situation here.  Mr. Rice's own sworn trial testimony acknowledging he sent Plaintiff a message containing an ethnic slur—an admission from the decisionmaker under oath—provides exactly the kind of independent corroboration that distinguishes this case from *Arnold*. Magellan cannot in good faith argue otherwise.

### III.    THE DENIAL OF PLAINTIFF'S MOTION FOR NEW TRIAL DOES NOT SUPPORT A FEE AWARD.

Magellan suggests that the Court's denial of Plaintiff's motion for a new trial—without argument—supports its fee request. This logic inverts the standard. The denial of a motion for a new trial means only that the jury verdict will stand. It says nothing about whether the underlying claims were frivolous when filed or when litigated. *Christiansburg*'s analysis focuses on the objective merit of the plaintiff's claims throughout the litigation—not on post-verdict motions. Moreover, that the Court declined to order oral argument on the new trial motion reflects judicial economy, not a commentary on the baselessness of the original claims.

### IV.    AN AWARD OF NEARLY $500,000 IN FEES AGAINST A CIVIL RIGHTS PLAINTIFF WOULD HAVE A SEVERE CHILLING EFFECT AND IS CONTRARY TO PUBLIC POLICY.

The Supreme Court in *Christiansburg* expressly cautioned that fee awards against civil rights plaintiffs must be approached with "caution" because of the "chilling effect" such awards have on the vindication of civil rights. 434 U.S. at 422. An award of $496,879.44

against an individual plaintiff who brought good-faith discrimination claims—corroborated by a racial slur in writing from the defendant's own CEO—would be precisely the kind of punitive fee award the Court warned against.

Awarding fees in a case like this one would send an unmistakable message to civil rights plaintiffs: litigating a discrimination claim to verdict, even with documentary evidence of animus and corroborating witnesses, risks devastating financial consequences if the jury disagrees. That is not the law, and it is not sound policy. *See Mitchell v. Office of Los Angeles County Superintendent of Schools*, 805 F.2d 844, 847 (9th Cir. 1986) (courts must be "especially careful" not to discourage civil rights victims from bringing meritorious claims).

### CONCLUSION

This case went to trial. It was supported by documentary evidence of racial animus from the defendant's CEO, corroborated by a third-party witness, and decided by a jury after eleven days of proceedings. A defense verdict is not a finding of frivolousness. Under the demanding standard of *Christiansburg* and its Ninth Circuit progeny, Plaintiff's claims were neither frivolous, unreasonable, nor without foundation.

Defendant's Motion for Attorneys' Fees should be denied.

Respectfully submitted this June 22, 2026.

Respectfully submitted,
/s/ Elizabeth D. Tate

Elizabeth D. Tate

## Certificate of Service

I hereby certify that on this June 22, 2026  I electronically transmitted this Motion, and lodged a proposed form of order, to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing.


By: /s/ Elizabeth D. Tate
      Elizabeth D. Tate